MARRERO, PLAINTIFF AND APPELLEE, *v.* ORTEGA, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action for Survey.

No. 3365.—Decided February 20, 1925.

SURVEY OF BOUNDARIES—NOTICE.—When the defendant adjoining owner in an action for survey of boundaries does not appear at the hearing and it develops that he was not given notice three days before as required by section 286 of the Code of Civil Procedure and directed by the court, the order granting the survey is void.

The facts are stated in the opinion.

*Mr. L. Toro Cabañas* for the appellant.

*Messrs. Campillo & Campillo* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action for a survey of boundaries brought under section 286 of the Code of Civil Procedure.

The petition was filed on January 30, 1924, and on February 5th the court set the hearing for "the 13th of February, 1924, at 9 a. m., notice of which shall be given to the adverse party, accompanied by a copy of the petition, three days before the hearing, plus one day for each 25 miles of distance between the place where the notice is served and the place of the hearing."

The record does not show that the defendant was given notice of the hearing set for the 13th of February. The transcript does contain a notice for the 21st of February, served on the 19th of the same month, and also another notice which in so far as pertinent reads as follows: "You are hereby notified that at the instance of the plaintiff the court continued the hearing of this case to the 3rd of March at 9 a. m., on which day you shall appear  *  *  *." The notice was served on March 1, 1924, in the ward of Padilla of Corozal.

The defendant did not appear and the court held the hearing in his absence and ordered the survey as prayed for. From this order of the court the present appeal has been taken, errors being assigned in the brief as follows: (1) That the defendant was not duly notified; (2) that the petition does not state facts sufficient to constitute the cause of action asserted, and (3) that the evidence is insufficient. The appellee did not appear at the hearing on appeal or file a brief.

It is not necessary to consider the second and third assignments. An examination of the first one is sufficient to justify a reversal of the order appealed from. Not only did the court order that the defendant be given notice three days before the hearing, but section 286 of the Code of Civil Procedure provides that that period of time must elapse between the notice and the hearing. The notice was given on March 1st and the hearing was set for and held on the

3rd of the same month. It is, therefore, evident that the notice ordered by the court and by the statute was not given and, consequently, that the defendant was not given due notice. Such being the case, the hearing held without his attendance is void and the order appealed from is of no effect.

The fact that the defendant had been summoned previously is of no importance. He was summoned on February 19th to appear on the 21st, contrary also to the law and the order of the court, and it does not appear that he attended the hearing that was continued at the instance of the plaintiff.

For these reasons the order appealed from must be

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.